IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nicole Taneka Sapp, ) | C/A No. 1:19-cv-02213-DCC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, ) | |
| Defendant. ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 30, 33. Having considered the briefing, the administrative record, and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff applied for DIB and SSI on January 24, 2013, alleging disability beginning December 26, 2012, due to lower back issues, a pinched nerve in her neck, and a brain stem lesion. (R. 63, 70). Plaintiff's applications were denied initially and on reconsideration. (R. 69, 76, 85, 95). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 11, 2016. (R. 35–60). During

1

the hearing, Plaintiff amended her alleged disability onset date to July 1, 2013. (R. 11). The ALJ denied Plaintiff's application on July 12, 2016. (R. 11–21). After the Appeals Council denied review, Plaintiff filed suit for the first time in this Court on September 13, 2017. (R. 587–93). Magistrate Judge Shiva V. Hodges recommended remand based on the ALJ's failure to address Plaintiff's inability to afford treatment and his inaccurate summary of Plaintiff's activities of daily living. (R. 594–629). Magistrate Judge Hodges noted, in addition, the ALJ's failure to resolve an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the testimony of the Vocational Expert ("VE") with respect to the reasoning skill required for the jobs identified at Step Four of his analysis. (R. 623–27). On October 23, 2018, with no objection from either party, the undersigned adopted the Magistrate Judge's Report, reversed the decision of the Commissioner, and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (R. 630–31).

The Appeals Council remanded the case to the ALJ in an order dated December 7, 2018. (R. 634–36). On March 8, 2019, a second disability hearing was held. (R. 542–61). The ALJ again denied Plaintiff's application in a decision issued June 18, 2019. (R. 446–55). Pursuant to 20 C.F.R. §§ 404.984(a) and 416.1484(a), the ALJ's denial became the final decision of the Commissioner.

On August 7, 2019, Plaintiff sought review by this Court. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), the matter was referred to Magistrate Judge Hodges for pre-trial handling. On January 16, 2020, the Magistrate Judge directed Plaintiff to file a written brief no later than February 18, 2020, and warned her that "failure to file the brief may result in the case being recommended

2

for dismissal with prejudice for failure to prosecute or a ruling on the record." ECF No. 17. However, no written brief was filed. On February 20, 2020, after the prior order was returned to sender from Plaintiff's docketed address, Magistrate Judge Hodges directed the Commissioner to file a written brief addressing the allegations of the Complaint and whether substantial evidence supported the ALJ's decision. ECF No. 21. The Commissioner timely filed his brief on March 31, 2020. ECF No. 26. Magistrate Judge Hodges issued a Report on June 25, 2020, recommending that the decision of the Commissioner be affirmed. ECF No. 30. On July 13, 2020, Plaintiff filed Objections to the Report. ECF No. 33. The Commissioner filed a Reply on July 23, 2020. ECF No. 35. The Magistrate Judge's Report and Plaintiff's Objections are now before this Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review

3

of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

### I.     Plaintiff's Objections

Plaintiff makes several objections to the Magistrate Judge's Report. Because Plaintiff is proceeding pro se, the Court construes them liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To the best of the Court's understanding they are as follows: (1) Plaintiff's medical records are inaccurate and have been altered; (2) the ALJ discriminated against Plaintiff on the basis of her disability and race; (3) the hearing transcript is inaccurate; and (4) the ALJ's decision is unsupported by substantial evidence.[1] ECF No. 33.

---

[1] Although Plaintiff did not explicitly raise the issue of substantial evidence in her Complaint, Magistrate Judge Hodges liberally construed her allegation that the ALJ's decision did not "make sense" as a substantial evidence challenge. ECF No. 30 at 36.

4

Ordinarily, objections to the Magistrate Judge's Report must be "specific" to preserve an issue for appellate review and to trigger a de novo review by this Court. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); 28 U.S.C. § 636(b)(1). However, in light of Plaintiff's pro se status, the undersigned will conduct a de novo determination of all issues referenced in the Objections. *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is to be liberally construed[.]") (citation and internal quotation marks omitted).

## II.   Accuracy of the Factual Record

Two of Plaintiff's objections challenge the accuracy of the factual record before the Court. First, Plaintiff asserts that her medical records have been "change[d]" and that the ALJ "left out the parts that will help [her]." ECF No. 33 at 2. Plaintiff does not explain how her records have been altered or provide any evidence to support her contention. The only specific allegations are that "the client would not send over my medical records" and that "they" (presumably, Plaintiff's medical providers) would only do an MRI for Plaintiff's head and not for her back. *Id*. at 3.

Unsupported allegations of inaccuracy are not a proper basis for remand. *See, e.g.*, *Karnofel v. Astrue*, 2011 WL 2848188, at *14 (N.D. Ohio June 22, 2011), *adopted*, 2011 WL 2910069 (Jul. 18, 2011), *aff'd*, 518 F. App'x 455 (6th Cir. 2013) ("Although Plaintiff suggests that the ALJ's factual findings were inaccurate because the medical records on which the ALJ relied to make his decision were erroneous, inaccurate, or falsified, there is simply no basis to conclude that any medical records were erroneous, inaccurate, or falsified."). As discussed at length by Magistrate Judge Hodges in her Report, the ALJ was ultimately able to obtain Plaintiff's more recent medical records and

they were incorporated in his decision. (*See* R. 755–56, 450). A further medical examination was offered to Plaintiff during the administrative hearing, which she refused. (R. 546). In short, the undersigned agrees with the Magistrate Judge's conclusion that the ALJ zealously discharged his duty to "make every reasonable effort to help [the claimant] get medical evidence from your own medical sources and entities that maintain your medical sources' evidence when you give us permission to request the reports." 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1).

Plaintiff's assertion that the "transcript[] at the hearing is not correct" finds even less support in the record. ECF No. 33 at 2. She references a "red light on the side of the microphone" that would turn off when she spoke and turn on when she stopped speaking. *Id.* The hearing transcript submitted with Plaintiff's administrative record is duly certified and signed by Glenda Bennerson, Transcriber, and Carlos E. Gomez, Proofreader. (R. 561). There is no appearance that any portions are missing and no evidence to suggest the same. The Court therefore overrules Plaintiff's objection.

Because Plaintiff makes no other objection to the Magistrate Judge's recitation of the facts, and the Court finds no clear error therein, that portion of the Report is hereby adopted. *See* ECF No. 30 at 6–19.

### III.     Allegations of ALJ Bias

Plaintiff further objects that the ALJ discriminated against her on the basis of disability and race. ECF No. 33 at 2. The only apparent factual basis for this allegation is Plaintiff's assertion, in her Complaint, that the ALJ "was playing games and thought it was funny." ECF No. 1 at 4.

The Court "must start . . . from the presumption" that an ALJ is "unbiased." *Schweiker v. McClure*, 456 U.S. 188, 195 (1982). This presumption can, of course, be rebutted. *Id.* at 195–96. But "a plaintiff alleging ALJ bias bears a 'heavy burden' of proof." *Warren v. Colvin*, C/A No. 4:14-cv-02517-JMC, 2015 WL 5673118, at *2 (D.S.C. Sept. 25, 2015) (quoting *Simpson v. Macon Cnty., N.C.*, 132 F. Supp. 2d 407, 411 (W.D.N.C. 2001)). The ALJ's bias "must be evident from the record and cannot be based on speculation or inference." *Navistar Intern. Transp. Corp. v. U.S. EPA*, 941 F.2d 1339, 1360 (6th Cir. 1991); *see also Harris v. Colvin*, 2016 WL 698083, at *9 (M.D.N.C. Feb. 19, 2016) ("Conclusory allegations and speculation are not enough to support a finding that the ALJ was biased.") (quoting *Wright v. Colvin*, 2014 WL 3400978, at *8 (S.D. Fla. July 11, 2014)).

Having conducted a careful de novo review of the record as a whole and the hearing transcript in particular, the undersigned agrees with the Magistrate Judge's conclusion that the ALJ remained professional in the face of a significant lack of cooperation from Plaintiff. Beyond Plaintiff's own conclusory allegations, nothing suggests that the ALJ discriminated against Plaintiff on the basis of disability, race, or any other characteristic. The objection is therefore overruled.

## IV.  Substantial Evidence

Finally, Plaintiff asserts in her Objections that "there is no substantial evidence" to support the ALJ's determination. ECF No. 33 at 3. No specific error on the part of the ALJ is highlighted, except for the general statement that "they are lies with no support." *Id.* However, in light of Plaintiff's pro se status, this Court has conducted a careful de

7

novo review of the Magistrate Judge's Report and finds it to be correct and well-reasoned in all respects.

At each step of the sequential analysis, the ALJ sufficiently explained and supported his findings. In particular, while determining Plaintiff's residual functional capacity, he appropriately weighed the medical evidence and Plaintiff's own statements as follows:

> The clinical picture reflected in these treatment records shows quite limited objective findings to support the disabling limitations asserted by the claimant. Diagnostic studies of her spine and heart rhythms have given unremarkable findings. She has had a rather erratic course of treatment for her physical conditions, with admitted poor compliance with prescribed treatment. She has had regular treatment available from free clinics but still has run out of prescribed medications and failed to keep the appointment for MRI study made for her. The notes of her physicians do not show complaints of the severity she alleged, nor do they demonstrate ongoing treatment for such severe complaints. The medications prescribed for her have been largely stable, with few changes. There are no sustained clinical findings to substantiate disability. The findings of the consultative examiner (Exhibit 8F) did not identify disabling limitations.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the medical evidence of record does not support limitations of disabling severity. I must again note her uncooperative behavior not only during the hearing, but also in a visit to the Free Medical Clinic (Exhibit 18F, pages 10–12) and in her recent visit to Hope Health, her new primary care clinic (Exhibit 19F, pages 1–2). She described her pain to clinic personnel as constant but only mild in degree (Exhibit 19F, pages 5–8). Although informed of the limited recent medical evidence in the record, she refused to participate in a consultative examination to assess her current medical condition and limitations and only reluctantly agreed to sign a release form to authorize release to the agency of her recent treatment records. She did not testify as to specific current limitations, asserting only that I knew her capacity from the evidence already in the record. In the one incident when she walked from West Columbia to the Baptist Hospital emergency room, she suggested that she did it to avoid the cost of an ambulance (Exhibit 16F, pages 23–25). I must

> note that her action demonstrated a significant capacity for sustained physical exertion not consistent with disabling limitation. The findings of the consultative examiner, done shortly before her alleged onset date, as amended, did not identify disabling limitations of function. After careful review of all the evidence, I do not find the testimony of the claimant as to her subjective symptoms to be consistent with the evidence of record to establish impairment of the disabling severity alleged.

(R. 453). The ALJ further noted that "no physician treating the claimant has suggested specific functional limitations for her" in the form of opinion evidence.

Upon review of these findings, Plaintiff's medical records, and the ALJ's written decision as a whole, the undersigned finds that the ALJ's determination was more than sufficient to meet the substantial evidence standard. *See Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964) ("Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."). The Magistrate Judge's thorough analysis regarding substantial evidence, which covers each stage of the ALJ's determination, is adopted and specifically incorporated herein. *See* ECF No. 30 at 36–49. Accordingly, Plaintiff's Objections are overruled.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

                                                                  s/ Donald C. Coggins, Jr.
                                                                  United States District Judge

March 2, 2021
Spartanburg, South Carolina